## CITY OF BUFFALO v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

Action by the city of Buffalo against the Delaware, Lackawanna & Western Railroad Company.

PER CURIAM. Judgment affirmed, with costs.

KRUSE, J., dissents on the ground that even if the statute applies, the facts found in the eighteenth and nineteenth findings of fact show that there was not an abandonment of the street, within the meaning of the statute, and that so far as the facts contained in the third conclusion of law are at variance with the facts found in the eighteenth and nineteenth findings of fact, the latter must control. See Nickell v. Tracy, 184 N. Y. 386, 77 N. E. 391.

## DAVIS v. MAXWELL.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

Action by William H. Davis against John Maxwell.

PER CURIAM. Judgment and order reversed, and new trial granted, with costs to appellant to abide event, unless the plaintiff stipulates to reduce the verdict to $1,200, in which case the judgment as so reduced, and order, affirmed, without costs.

KELLOGG, J., votes for reversal upon the ground that $1200 even is excessive and that erroneous rulings were made upon the trial to the defendant's prejudice.

## In re COOK'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

TAXATION—TRANSFER TAX—RATE—ASSIGNMENT OF LEGACY.
    Where residuary legatees, acting in good faith, assigned their interests under the will to the heir at law and next of kin, in consideration of an agreement not to contest the will, the transfer tax imposed should be at the same rate as if the residuary legacy had originally been to the heir and next of kin.
    Spring and Kruse, JJ., dissenting.

Appeal from Surrogate's Court, Monroe County.

In the matter of the appraisal of the estate of Frederick Cook, deceased, under the act in relation to the taxable transfer of property. From an order affirming an order fixing and assessing a tax, Barbara Cook and another appeal. Modified and affirmed.

Facts found by the Appraiser: "I find that when the will of Frederick Cook was offered for probate, his widow, Barbara Cook, and his daughter,

Fredericka Louise McDonnell, his sole next of kin and heir at law, filed objections to the probate thereof; the principal ground of which objections was that the testator did not possess testamentary capacity. That while the said contestants were engaged in preparation for the trial of the contest, some of the residuary legatees mentioned in the thirty-eighth paragraph of the will of Frederick Cook who reside in this country suggested that a compromise might be arranged which would permit of the probate of the will. The compromise suggested was that the residuary legatees, who were also general legatees under the will, assign their interest as such residuary legatees to Barbara Cook, and that the will then be admitted to probate. That they would then receive their general legacies, and that Mrs. Cook would receive the residue of the estate. That the residuary legatees were given under the will general legacies amounting in all to $185,000. That this suggestion of compromise was received with favor by Mrs. Cook, who thereafter got into communication with all the residuary legatees, with the result that all the interest of the residuary legatees under the will passed to Mrs. Cook by instruments in writing similar to Exhibit ——— in evidence, such assignments being given under the condition that Mrs. Cook and her daughter withdrew the objections which they had filed to the probate of the will. That Mrs. Cook agreed, in addition to the general legacies of these residuary legatees, to pay certain of them sums of money, amounting in all to $97,000. That after the execution of the releases of the residuary legatees of their interests in the residuary estate and the assignment of their interests therein to Mrs. Cook, she and her daughter withdrew their objections to the probate of the will, and the will was probated and letters testamentary issued. That as a result of this compromise of the litigation over the will, all excess of the residuary of the estate over the sum of $97,000 will pass to Mrs. Cook upon the final distribution of the estate. That this $97,000 has been paid by Mrs. Cook to these residuary legatees, the executors having advanced this amount to her from the assets of the estate for the purpose of making these payments. That Mrs. Cook has acted in good faith, and not for the purpose of avoiding the inheritance tax in acquiring these residuary interests, and that these assignments were made solely to avoid a contest of the will and to compromise the litigation. That the result of the litigation, if the contestants had succeeded, would have been that the whole estate of the testator would have passed to Mrs. Cook and her daughter, and the other legatees would have received nothing."

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Charles Van Voorhis, for appellants.

William T. Plumb and Merton E. Lewis, for respondent.

NASH, J. In the case of Matter of Wolfe, 89 App. Div. 349, 85 N. Y. Supp. 949, affirmed 179 N. Y. 599, 72 N. E. 1152, the executors to whom the testator made a bequest of $20,000, taxable to them at 5 per cent., in good faith voluntarily renounced and released the bequest, so that the money bequeathed to them fell into the residuary for the benefit of the testator's children and grandchildren. It was held that the tax imposed should be at the same rate as if the legacy had been originally given to the residuary legatees.

Here the widow and daughter in good faith filed objections to the probate of the will, the principal ground of which was that the testator did not possess testamentary capacity. The parties agreed to a compromise, by which the residuary of the estate over the sum of $97,000 should pass to Mrs. Cook upon the final distribution of the estate; in other words, the residuary legatees, for the purpose of securing pro-

bate of the will, by which they would receive the payment to them of general legacies bequeathed to them, amounting to $180,000, voluntarily renounced all of the residuary of the estate except the sum of $97,000. The transaction was not in any sense a sale and transfer of the residuary of the estate as such, so that the assignee would stand in the shoes of the residuary legatees, and therefore liable to pay the tax; but a compromise entered into in good faith to insure the receipt by the residuary legatees of their general legacies bequeathed to them by the will, and in addition $97,000 of the residuary of the estate. It cannot make any difference, so far as the amount of the transfer tax is concerned, whether the compromise is made effectual by an assignment and transfer, or by a formal appearance and renunciation in Surrogate's Court. In the latter case the right of succession would pass to Mrs. Cook and her daughter. By the formal assignment it passes upon final distribution to Mrs. Cook. As said in the Matter of Wolfe, the tax is not imposed upon the legacy nor upon the property, but upon the succession to the property. In legal effect, the compromise, to the extent that it changed the course of succession, takes the place of probate, and becomes part of the decree on final distribution of the estate.

I am unable to distinguish the case here in principle from that of the Matter of Wolfe.

That part of the order of the Surrogate's Court which imposed a tax of 5 per cent. upon the residuary of the estate should be reversed. The legacy to Frederick Cook McDonnell, son of the adopted daughter of Frederick Cook, is taxable at 5 per cent., for the reason that he cannot be regarded as a lineal descendant of the testator. The appraisal of the estate is supported by the evidence. In the Curtice Case (Sup.) 97 N. Y. Supp. 444, the stock of the decedent was a minority holding in a private corporation, controlled by the family to which decedent belonged, and no general public ownership of it, which is the distinguishing feature of that case from cases where the stock is held by the general public.

That part of the order of the Surrogate's Court fixing the taxable transfer tax upon the residuary of the estate at 5 per cent. should be modified by fixing said tax upon the residuary at 1 per cent., and in all other respects the order should be affirmed, without costs to either party.

Proceeding remitted to the Surrogate's Court for disposition accordingly.

Order of the Surrogate's Court modified in accordance with the opinion of NASH, J., and, as so modified, affirmed, without cost of this appeal to either party. All concur, except SPRING and KRUSE, JJ., who dissent in an opinion by KRUSE, J.

KRUSE, J. (dissenting). I think the order appealed from is right, and should be affirmed in its entirety. The case of Matter of Wolfe, 89 App. Div. 349, 85 N. Y. Supp. 949, affirmed in 179 N. Y. 599, 72 N. E. 1152, relied on as authority for assessing the transfer tax upon the residuary estate at the rate of 1 per cent., instead of 5 per cent., as was done in this case, cannot be so regarded. In that case

the executors renounced and released a bequest made to them personally, so that the money bequeathed to them became a part of the residuary estate, distributable to the residuary legatees named in the will, and it was there held that the residuary legatees took directly from the testator. In this case the residuary legatees all transferred their interest in the residuum of the estate to the appellant widow. She was not named as a residuary legatee by the testator, and had no interest therein under the will, except what she acquired by this assignment. Granted that the tax is not imposed upon the legacy nor upon the property, but upon the succession to the property, it is the transfer from the testator to his immediate legatee which is subject to taxation, and where the latter transfers his interest to some one else, the rate of taxation is to be fixed according to the class to which the original legatee belongs, and not his assignee, although the assignee may stand in a closer relation to the testator, and belong to a class whose rate of taxation would be less than the original legatee.

I think the residuum of this estate, acquired by the widow by this assignment from these remote relatives of the testator, was properly taxed at the rate of 5 per cent., and that the other questions were properly disposed of by the surrogate.

The order appealed from should be affirmed, with costs payable out of the estate.